IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RODRICK LACEY (#51607), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3-06-0408 |
| | § | |
| GALVESTON COUNTY JAIL | § | |
| MEDICAL DEPARTMENT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Rodrick Lacey (#51607), is an inmate in the Galveston County Jail. Lacey has filed a civil rights complaint under 42 U.S.C. § 1983, alleging that he was denied adequate medical care after he fell from his bunk on May 8, 2006. Lacey proceeds *pro se* and he has been granted leave to proceed *in forma pauperis*. At the Court's request, Lacey has provided a more definite statement of his claims.[1] (Doc. # 12). After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

## I.   BACKGROUND

Lacey is currently incarcerated in the Galveston County Jail awaiting trial on charges of burglary of a habitation. Lacey reports that he was arrested and booked into the Jail on May 6, 2006. During the intake process, Lacey told officials that he had injured his ribs prior

---

[1]   On October 25, 2007, this case was reassigned pursuant to General Order No. 2007-10 to United States District Judge Melinda Harmon. This case is being handled by the undersigned by agreement of the judges.

to his arrest.[2]  Two days later, on May 8, 2006, Lacey reportedly fell from the top bunk and "re-injured" his ribs.  Lacey also reportedly sustained bruises to his back, neck, and shoulder during the fall.  Lacey complains that he did not receive any medical care until two weeks after his fall from the top bunk.  At that time, Lacey was seen at the Jail Medical Department, where x-rays were taken of his ribs.  Lacey was also treated with ice packs and given medication (Ibuprofen) for pain.

Lacey complains that, by delaying his access to treatment and failing to provide a "wrap" for his ribs or a CAT scan to evaluate his injuries, officials at the Galveston County Jail have denied him adequate medical care in violation of his constitutional rights.  He does not seek monetary damages.  Instead, he seeks only injunctive relief in the form of "proper medical care."  The Court concludes that the complaint must be dismissed for reasons discussed below.

## II.   STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances.  Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim

---

[2]   The Court takes judicial notice of Lacey's intake summary, which is in the record in another case.  *See Lacey v. Galveston County Sheriff's Dep't*, Civil No. G-06-0441 (S.D. Tex.) (Doc. # 36, Exhibit 3, Jail Medical History and Screening).  That summary reports that Lacey hurt his ribs on the left side approximately two days before his arrest, but that no bruises or swelling were noted.  *See id*.

upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*.  28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").  The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact."  *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002).  Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true."  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.  DISCUSSION

In this instance, Lacey fails to name a party having personal involvement in the incident that forms the basis for his claim or a party having legal capacity to be sued. Lacey further fails to establish municipal liability on the part of Galveston County. Likewise, Lacey's allegations do not show that he was denied adequate medical care in violation of his constitutional rights or that he is entitled to relief. These issues are discussed briefly below.

### A.  Lack of Personal Involvement or Legal Capacity

In his complaint, Lacey did not identify any individual having personal responsibility for the alleged delay or denial of medical care following his fall from the top bunk on May 8, 2006. Personal involvement is an essential element of a civil rights cause of action, meaning that there must be an affirmative link between the injury and the defendant's

4

conduct.  *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976)).  In order to successfully plead a cause of action in § 1983 cases, a civil rights plaintiff must "enunciate a set of facts that illustrate the defendants' participation in the wrong alleged." *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).  Conclusory allegations or generalized assertions are not sufficient to state a claim; particular facts are required to specify the personal involvement of each defendant.  *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *Fee v. Herndon*, 900 F.2d 804 (5th Cir.), *cert. denied*, 498 U.S. 908 (1990).

When asked to name the individual or individuals responsible for denying him adequate care, Lacey responded in his more definite statement that he blames the "Galveston County Jail Medical Department." *Plaintiff's More Definite Statement*, Doc. # 12, ¶ 8(b).  The Galveston County Jail is run by the Galveston County Sheriff's Department.  Thus, the only defendant identified in the pleadings is the Galveston County Sheriff's Department.

Under the rules, a party to a lawsuit must have the capacity to sue or be sued. *See* FED. R. CIV. P. 17; *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993).  A department of a local governmental entity must "enjoy a separate legal existence" to be subject to suit.  *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). The Fifth Circuit has held that Texas law does not allow county or municipal police departments to sue or be sued directly.  *See id*. at 313-14.  The Galveston County Sheriff's Department does not appear to qualify as an entity with capacity under the rules because it cannot sue or be sued.  *See Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996)

(noting that a Texas county sheriff's department is not a legal entity capable of being sued, "absent express action by the superior corporation (the county, in the case of the sheriff's department) 'to grant the servient agency with jural authority'") (quoting *Darby*, 939 F.2d at 313-14); *Turner v. Dallas County Jail*, Civil No. 3:04-cv-2165 2006 WL 1388441, *3 (N.D. Tex. May 17, 2006) (acknowledging that the Dallas County Jail is not a "jural entity that can be sued"). Accordingly, Lacey fails to state a claim upon which relief can be granted against the Galveston County Sheriff's Department.

### B.     Municipal Liability

Assuming that Lacey sues Galveston County, he fails to allege facts demonstrating municipal liability in this instance. In order to attribute liability to a unit of local government under 42 U.S.C. § 1983, a plaintiff must establish the elements of a prima facie case and he must demonstrate that the county had a custom or policy that resulted in the constitutional injuries alleged. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Lacey, who claims that he was denied adequate medical care following his fall from the top bunk on May 8, 2006, has failed to identify a custom, policy, or practice that was the moving force behind the alleged constitutional violation. In that respect, isolated violations are not sufficient to demonstrate a policy or custom which resulted in the infringement of the plaintiff's constitutional rights. *See Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir.1984). Accordingly, Lacey fails to state a claim upon which relief can be granted against Galveston County.

### C.     Lacey's Claims Do Not Merit Relief Under 42 U.S.C. § 1983

Likewise, the pleadings do not demonstrate that Lacey is entitled to relief in this instance. As noted above, Lacey does not request monetary damages. Instead, he seeks only injunctive relief in the form of a court order for "proper" medical care for his injuries. Lacey concedes in his pleadings that he received medical care following his fall from the top bunk on May 8, 2006. He was seen in the Jail Medical Department, where x-rays were taken of his ribs and he was given Ibuprofen and ice packs for pain. Court records from another case filed by Lacey in this district reflect that he received additional medical care following his May 8, 2006 fall from the top bunk. *See Lacey v. Galveston County Sheriff's Dep't*, Civil No. G-06-0441 (S.D. Tex.) (Doc. # 36, Exhibit 3, Medical Records relating to Inmate Rodrick Lacey).[3] Because Lacey does not demonstrate that he was denied adequate care, he fails to show that an injunction is warranted or that he is entitled to relief under 42 U.S.C. § 1983.

In this case Lacey argues that, when he was finally provided with care, Jail officials violated his constitutional right to receive adequate care because he was not given a "wrap" for his ribs or a CAT scan to assess his injuries. To prevail, Lacey must show that officials acted with deliberate indifference to a serious medical condition.[4] To the extent that Lacey

---

[3] These records also contain a document, signed by an Emergency Medical Technician, showing that Lacey refused care on May 9, 2006.

[4] It appears from the record that Lacey was a pretrial detainee at the time he fell from his bunk bed. The Fifth Circuit has recognized that there is no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care. *See Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001) (citing *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996) (en banc)), *cert. denied*, 534 U.S. 1136 (2002). Therefore, "[a] (continued...)

disagrees with the level of care that he received, the Fifth Circuit has held repeatedly that mere disagreement with medical treatment does not state a claim for deliberate indifference to serious medical needs and does not present a constitutional violation. *See Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985); *Young v. Gray*, 560 F.2d 201, 201 (5th Cir. 1977); *see also Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) ("Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances."). Even if a lapse in professional judgment occurred, any such failure amounts to mere negligence or malpractice, and not a constitutional violation. *See Harris v. Hegman*, 198 F.3d 153, 159 (5th Cir. 1999) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)). Moreover, while Lacey alleges that medical care was delayed after his fall from the top bunk, he does not state that he has suffered substantial harm as a result of the alleged delay. *See Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) ("[I]n order to maintain a viable claim for delayed medical treatment there must have been deliberate indifference, which results in . . . substantial harm.")

---

⁴(...continued)
    pretrial detainee's constitutional right to medical care, whether in prison or other custody, flows from the procedural and substantive due process guarantees of the Fourteenth Amendment." *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000). "Liability for failing to provide such care attaches if the plaintiff can show that a state official acted with deliberate indifference to a substantial risk of serious medical harm and that injuries resulted." *Id.* (citing *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996)).

(internal citations omitted).  Therefore, Lacey fails to demonstrate a constitutional violation in connection with the alleged denial of adequate care.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Lacey has failed to state a claim upon which relief can be granted for purposes of 28 U.S.C. § 1915(e)(2)(B).  Accordingly, the Court **ORDERS** as follows:

1. The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim.

**The Clerk is directed to provide a copy of this order to the parties.  The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on March 5th , 2008.

_____
Nancy F. Atlas
United States District Judge

9